IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **WILLIE C. LAND**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 04-1440-SLR |
| | : | |
| **THOMAS CARROLL**, Warden, | : | |
| and the **ATTORNEY GENERAL** | : | |
| **FOR THE STATE OF DELAWARE**, | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

The petitioner, Willie C. Land, was convicted in 1977 in the Delaware Superior Court of third degree burglary, attempted rape, and second degree burglary and sentenced to a total of 39 years in prison. *Land v. Carroll*, No. 166, 2003 (Del. Sept. 8, 2003).[1] In May 2000, parole officers obtained a warrant charging Land with violation of his parole conditions. The Board of Parole held a hearing on August 22, 2000 to consider several parole violation charges against Land. As a result of the hearing, the Board revoked Land's parole. *Id.* The Board, however, re-paroled Land to a Level IV halfway house or home confinement.[2] Land was transferred to the Plummer Center on October 25, 2000. On

---

[1] A copy of the order is attached as Ex. H to the opening brief in *Land v Board of Parole*, No. 297, 2004.

[2] *See also* Delaware Board of Parole notice regarding the August 22, 2000 hearing dated August 23, 2000 which is attached as Ex. A to the opening brief in *Land v Board of Parole*, No. 297, 2004.

December 1, 2000, an administrative warrant was issued for Land's arrest for violating the conditions of his parole. *Id.* The Parole Board conducted a hearing on February 27, 2001 and determined that Land had committed a parole violation.[3] Land's parole was thus revoked, and he was ordered to serve the balance remaining on his original sentences. Land also lost previously earned good time credits. *Id.* (citing DEL. CODE. ANN tit. 11, § 4382). Land was also notified that he could re-apply for parole consideration in 48 months. *Id.* at 2 n.2.

Land filed a petition for a writ of mandamus in the Superior Court on December 17, 2003 in which he challenged the August 22, 2000 parole violation hearing. (Super. Ct. Dkt in ID No. 03M-12-073-Item 1). The Superior Court denied the application, and the decision was affirmed on appeal to the state supreme court. *Land v. Board of Parole*, No. 297, 2004, order at 2 (Del. Oct. 13, 2004). Land has applied for federal habeas relief challenging the parole revocation hearing which occurred on August 22, 2000. (D.I. 2).

## Discussion

In the petition, Land presents two claims related to the August 22, 2000 parole revocation hearing: 1) that he was denied due process because he was not granted a postponement of the hearing to subpoena Parole Officer Jeff Kay; and 2) that there was insufficient evidence to support the revocation finding. (D.I. 2--attachment; D.I. 6). Land's petition should be dismissed under the one-year limitations period of 28 U.S.C. § 2244(d)(1). Land's two claims are expressly limited to the August 22, 2000 parole revocation hearing. (D.I. 2--attachment; D.I. 6). The Board's decision to revoke Land's conditional release

---

[3]*See* Delaware Board of Parole notice regarding the February 27, 2001 hearing dated March 1, 2001 which is attached as Ex. B to the opening brief in *Land v Board of Parole*, No. 297, 2004.

constitutes a final judgment under § 2244. *Tarbutton v. Snyder*, Civ. Act. No. 99-608-RRM, order at 5 (D. Del. July 5, 2000) (citing *Smith v. Angelone*, 73 F. Supp. 2d 612 (E.D. Va. 1999)). Accordingly, Land's petition, deemed to have been filed at the earliest on November 4, 2004,[4] is simply untimely under § 2244(d) and must be dismissed. *See*, *e.g.*, *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002); *Tarbutton, supra*.

Further, the tolling mechanism of § 2244(d)(2) does not save Land's federal habeas action from the limitations period. If applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state post-conviction action is pending in the state courts. Land filed a petition for a writ of mandamus in the Superior Court on December 17, 2003 in which he asserted that the August 22, 2000 parole violation hearing was unfair and that he was entitled to a new hearing. The Superior Court denied the application, and Land appealed. On appeal, the state supreme court affirmed, holding that the Superior Court did not abuse its discretion in dismissing Land's petition. *Land v. Board of Parole*, No. 297, 2004 (Del. Oct. 13, 2004). Under § 2244(d)(2), a properly filed state-post conviction proceeding tolls the running of the limitations period. But the filing of Land's December 2003 petition in the Superior Court for a state writ of mandamus did not restart the one-year limitations period. *See, e.g.*, *Tarbutton*, *supra*, order at 5-6 (citing *Rashid v. Khulman*, 991 F. Supp. 254, 258 (S.D.N.Y. 1998)); *cf. Downes v. Carroll*, 348 F. Supp. 2d 296, 302 (D. Del. 2004) (properly filed state post-conviction motion can only toll federal habeas limitations period if the motion itself is filed within the one-year limitations period).

---

[4]Absent proof of mailing, the Court has indicated that it will treat the date listed on the petition as the filing date. *See, e.g., Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

Thus, Land's petition ran afoul of the one-year limitations period of § 2244(d)(1) and should be dismissed.

Finally, the one-year limitations period in Land's case is not subject to equitable tolling. *See*, *e.g.*, *Downes*, 348 F. Supp. 2d at 302; *Woods*, 215 F. Supp. 2d at 462-63. Land has not articulated any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. The record reveals that Land was capable of formulating issues and preparing documents for submission to the courts. *See Land v. Lichtenstader*, 2003 WL 21262387 (D. Del. May 30, 2003) (noting Land had filed civil rights action in October 2002 regarding loss of good time credit in connection with parole revocation). In sum, Land has not offered an explanation for the delay in filing his federal habeas petition which would constitute an extraordinary circumstance to warrant equitable tolling of the one-year limitations period, and the petition is time barred under § 2244(d).

Conclusion

Based upon the Superior Court docket sheet, it appears that no hearings were conducted in connection with Land's state mandamus proceeding. Because the Superior Court summarily denied Land's state mandamus petition, there are no proceedings which were recorded but not transcribed, and accordingly there are no transcripts available relating to the state mandamus litigation. In turn, no transcripts of Parole Board hearings are available because the hearings are either not recorded or the tapes have been erased in due course. In the event that the court directs production of any transcript, respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

    /s/ Thomas E. Brown
Thomas E. Brown
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 3278

Date: March 31, 2005

**CERTIFICATE OF SERVICE**

The undersigned, being a member of the Bar of this Court, hereby certifies that on March 31, 2005 he caused to be electronically filed the attached document (Answer) with the Clerk of the Court using CM/ECF. I hereby certify that on March 31, 2005 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

>Willie C. Land (No. 127622)
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, DE 19977.

>/s/ Thomas E. Brown
>Thomas E. Brown
>Deputy Attorney General
>Del. Dept. of Justice
>
>Counsel for Respondent

Date: March 31, 2005