Not Reported in F.Supp.2d  
2003 WL 21262387 (D.Del.)  
**(Cite as: 2003 WL 21262387 (D.Del.))**

Page 1

**C**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Willie C. LAND, Plaintiff,
v.
Marlene LICHTENSTADER, Phil Morgan, Joanne Senior Counselor for Plummer Work Release Center, Mr. Cipollo, C/O Christaine Correctional Officer, Kimberly Administrative Assistant, Thomas L. Carroll and Attorney General of the State of Delaware. Defendants.
**No. Civ.A. 02-1509-SLR.**

May 30, 2003.

MEMORANDUM ORDER

ROBINSON, J.

I. INTRODUCTION

**\*1** Plaintiff Willie C. Land is a *pro se* litigant presently incarcerated at the Delaware Correctional Center ("DCC"). He filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I.1, 2) The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

II. STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the court must determine whether the plaintiff is eligible for pauper status. On October 4, 2002, the court granted plaintiff leave to proceed *in forma pauperis* and advised plaintiff to complete forms relevant to habeas corpus relief. (D.I.1) On October 16, 2002, plaintiff indicated that he wished to pursue his claims under 42 U.S.C. § 1983 and was not seeking relief through habeas corpus. (D.I.9)

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1). [FN1] If the court finds the plaintiff's complaint falls under any one of the exclusions listed in the statutes, then the court must dismiss the complaint.

> FN1. These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an *in forma pauperis* complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner *in forma pauperis* complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the Fed.R.Civ.P. 12(b)(6) standard of review. See *Neal v. Pennsylvania Bd. of Probation and Parole,* No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997) (applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                       Page 2
2003 WL 21262387 (D.Del.)
**(Cite as: 2003 WL 21262387 (D.Del.))**

facts in support of his claim which would entitle him to relief." ' *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). [FN2] As discussed below, the plaintiff's claims have no arguable basis in law or fact. Therefore, his complaint shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

> FN2. *Neitzke* applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

III. DISCUSSION

Plaintiff moved to amend his complaint on October 4, 2002. (D.I.6) A plaintiff may file an amended complaint "once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). Since plaintiff's complaint is subject to the screening requirements of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), his complaint has not been served on the defendants and, therefore, he is free to file an amended complaint without leave of the court. *Id.*

**\*2** As an initial matter, the court reviews only the amended complaint filed on October 4, 2002 because an amended complaint filed as a matter of course or after leave of the court supercedes the original complaint. *See Young v. City of Mount Racier,* 238 F.3d 567, 572 (4th Cir.2001) (quoting *In re Crysen/Mountenay Energy Co.,* 226 F.3d 160, 162 (2d Cir.2000)); *Hal Roach Studios, Inc. v. Richard Feiner, & Co. Inc.,* 896 F.2d 1542, 1546 (9th Cir.1990); *Fritz v. Standard Sec. Life Ins. Co. of New York,* 676 F.2d 1356, 1358 (11th Cir.1982); Charles Alan Wright, Arthur R. Miller & May Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed 1990). ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.").

Plaintiff alleges that in February 2001, defendants wrongfully revoked his parole for allegedly violating the conditions of his release at a halfway house. (D.I.2, 6) As part of the parole revocation, plaintiff's previously earned good time credit was rescinded. Plaintiff claims the good time earnings, totaling 12 years, 6 months and 12 days, should be applied to reduce his state sentence. He contends that the loss of good time credits without prior notification is a deprivation of his liberty interests in violation of the Due Process Clause.

It has long been recognized that the Due Process Clause does not, by itself, guarantee the right of an inmate to earn good time credit. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). To establish a liberty or property interest emanating from another source, a "plaintiff must show either that he has 'legitimate claim of entitlement' to prison rehabilitation and employment opportunities, or that failing to have such opportunities constitutes an atypical and significant hardship on the inmate in relation to the ordinary incidents." *Abdul-Akbar v. Dept. of Corrections,* 910 F.Supp. 986, 1003 (D.Del.1995) (citations omitted); *see Sandlin v. Conner,* 515 U.S. 472 (1995). Further, "failing to have one type of opportunity to reduce a lawfully imposed sentence through earning good time credits can hardly constitute an 'atypical and significant hardship." ' *Abdul-Akbar,* 910 F.Supp. at 1003. In light of this authority, the court finds plaintiff's loss of good time credits as a result of his parole violation, does not implicate a Due Process violation. Accordingly, plaintiff's claims have no arguable basis in law and shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

IV. CONCLUSION

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 3
2003 WL 21262387 (D.Del.)
**(Cite as: 2003 WL 21262387 (D.Del.))**

At Wilmington, this 30th day of May, 2003 for the reasons stated;

IT IS ORDERED that plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

**Motions, Pleadings and Filings (Back to top)**

. 1:02CV01509 (Docket)

(Oct. 04, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.