FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

2005 APR 18 PM 2:38

| | | |
|---|---|---|
| Willie C. Land | ) | |
|     Petitioner | ) | |
| | ) | |
| v. | ) | Civ. Act. No. 04-1440-SLR |
| | ) | |
| Thomas Carroll, Warden | ) | |
| And the Attorney General of the | ) | |
| State of Delaware | ) | |
|     Respondents | ) | |

## ANSWER

1. The Petitioner, Willie C. Land, is an incarcerated inmate at the Delaware Correctional Center near Smyrna, Delaware 19977.

2. In 1977, Land was sentenced to a total of 39 years of incarceration. On July 27, 1989 Land was released on parole.

3. In March 2000 Land's parole management was re-assigned to Parole Officer Richard Nagley. Land's parole management was previously assigned to Parole Officer Jeff Kay.

4. On May 15, 2000 Land was arrested for domestic related charges. Due to the newly acquired charges, Nagley issued a Parole Violation Warrant for Land's arrest. Land was immediately taken into custody without incident. The Parole Violation Warrant cited two causes for arrest: 1) newly acquired domestic charges, and 2) curfew violation, which allegedly occurred on August 19, 1999, nine months preceding the issuance of the Violating Warrant.

5. On August 22, 2000 the Board of Parole commenced to hear Land's "Violation" charges. The Board dismissed all domestic related charges, but proceeded with respect to the curfew violation. The Board concluded that Land had violated the conditions of his parole, and thereby revoked Land's parole.

6. The Board's decision to revoke Land's parole was based on Parole Officer Nagley's belief that Land had possibly violated the conditions of his parole while under the supervision of Parole Officer Jeff Kay. The Board did, however, re-parole Land to Level 4.

7. On August 28, 2000 Land filed an appeal of the Board's decision. The appeal was filed in accordance with Board of Parole Rule #16 (ex.C).

8. On October 25, 2000 Land transferred to the Work Release Center (Plummer House). While at the Plummer Center, Land violated a "Housing Rule" in which Land was 45-minutes late returning to the Center from work. The following day Land was transferred to Gander Hill pending a hearing before the Board concerning the violation of the Center's housing rules.

9. On February 27, 2001 the Board revoked Land's Level 4 and advised Land to re-apply for parole in 48 months.

10. When failing to receive notice from the Board concerning the appeal filed on August 28, 2000, Land commenced to take action with respect to the Board's August 22, 2000 decision to revoke Land's parole.

11. Petitioner filed a State Writ of Habeas Corpus pursuant to 10 Del. C. sub-section 6902, dated 6/25/01: Civil Action Number OIM-06-053 (JOH), pertaining to forfeiture of good time forfeited by the Delaware Board of Parole.

12. On October 9, 2001 Petitioner filed a Writ of Mandamus, pro se, asking the Superior Court to issue an "Order" compelling the Department of Correction to release the original Status Sheet pertaining to Land's 1977 conviction, and Land's possible release date. See Case No. 70020380.

13. On February 14, 2002 Land filed a Writ of Mandamus requesting that all previously earned accrued good time credits be restored on all sentences and that the original parole date reflect such as afforded by law. C.A. No. I-76-08-0345, I-76-09-0145, 0144, ID: 70020380.

14. On February 11, 2003 Land filed a State Writ of Habeas Corpus. By such statutory earned good time. Civil Case No. 03M-02-075.

15. In November 2003, Land became apprised of the fact through a Correctional Officer, whom was a prior Probation/Parole Officer, that the Board cannot violate a parole on the sole basis of a parole officer's "belief". The Correctional Officer directed Land to review the Board of Parole Rule #19(B). After scrutinizing Rule 19(B), Land filed a Mandamus on December 1, 2003. The Mandamus alleged: 1) Land's Due Process Rights to a fair hearing were impeded when the Board failed to allow Land the right to subpoena Parole Officer Jeff Kay, whom was relevant to the violation charge, and 2) that the curfew violation never occurred.

16. On May 14, 2004 Land filed a Motion to Amend.

17. On May 24, 2004 Respondent filed a Motion to Dismiss,    On June 3, 2004 Land filed an Answer In Opposition to Respondent's Motion to Dismiss. On June 18, 2004 Superior Court granted Respondent's Motion to Dismiss. Land filed a Notice of Appeal on July 15, 2004. On August 16, 2004 Land filed the Opening Brief. On August 16, 2004 Respondent's filed a Motion to Affirm. On             the Delaware Supreme Court affirmed the lower Court's decision. This Federal habeas action followed.

## DISCUSSION

18. Land implores the Court not to dismiss the Federal Habeas Corpus action as untimely filed. Land is not an attorney, but made every effort possible to properly advocate the Board's decision.

19. Land did not become apprised of information until November 2003 that he could arbitrarily challenge the Board's decision to violate his parole.

20. From the outset (beginning with the Mandamus), Respondent's have failed to produce any factual evidence or documentation that Land violated the conditions of his parole, which to do so would have immediately closed this case.

21. It would be a travesty of justice to allow an innocent person to remain incarcerated due to a procedural mistake.

## CONCLUSION

22. Based upon the information provided by Respondent's, it appears that the transcript and tape from Land's August 22, 2000 Parole Revocation Hearing have been destroyed. Land implores this Court to issue a mandate to the Delaware State Board of Parole, which requires that all parole revocation proceedings be transcribed, taped and archived for a period of five years.

23. For the foregoing reasons, this Court should not dismiss Land's Federal Habeas Corpus action.

Dated: April 14, 2005          *Willie C. Land*
                                Willie C. Land
                                SBI #00127622, W-1 Building
                                Delaware Correctional Center
                                1181 Paddock Road
                                Smyrna, Delaware 19977

4

## CERTIFICATE OF SERVICE

I, Willie C. Land, hereby certify that on the __14th__ day of April 2005, two (2) copies of the attached "Answer" were served by United States Postal Service upon the following:

>Thomas E. Brown
>Deputy Attorney General
>Carvel State Office Building
>820 North French Street 6th Floor
>Wilmington, Delaware 19801
>
>Peter T. Delleo
>Office of the Clerk
>United States District Court
>844 North King Street, Lockbox 18
>Wilmington, Delaware 19801-3570

conflict of interest.

15. **PAROLE DENIAL DECISIONS:** When the Board has denied parole, the offender will be advised in writing of the reasons for the denial. The Board will send written notification within a reasonable period of time. If the offender is eligible for a rehearing, the Board will provide the earliest date on which the offender can apply for the rehearing, in accordance with 11 Del. C. §4347(a), or, at the discretion of the Board, order that no further consideration be given.

   15. (a) **EARLY REHEARING/REHEARING REQUEST:** The Board may consider establishing an early rehearing date, or a hearing date in cases where the Board had ordered no rehearing, consistent with the requirements of 11 Del. C. §4347(a), for reasons including but not limited to, exceptional rehabilitation and/or treatment considerations or upon receipt of compelling documentation that the reasons for denial or revocation have been addressed in an exceptional manner.

16. **PAROLE BOARD DECISION REVIEW:** The Board may review any Board decision upon receipt of information of substantial significance not available on the date of the hearing that could have influenced the decision. A request for review must be submitted in writing, with supporting documentation, by the offender or the offender's attorney and the Department of Correction within 30 days of the Board's decision or within 30 days of knowledge of the new significant information.

   The Department may submit a request for review in the absence of an offender's request.

17. **PAROLE RESCISSION:** The Department shall notify the Board in writing whenever:

   (a) the Board has established pre-parole conditions and those conditions are alleged to have been violated and/or the conditions have not been completed.

   (b) whenever upon reaching the effective date of parole additional Level V time has been given or serious institutional rules infractions have occurred.

   Upon receipt of the above-noted information, the Board will schedule the offender for a rescission hearing. If the offender is on escape status, the hearing will be scheduled as a non-appearance. The Board will rescind all orders authorizing the Department to release the offender on parole upon completion of pre-parole conditions in cases where the offender has failed to meet pre-parole conditions. The Board may, however, if sufficient good cause is presented, amend the original order or issue a new order.

18. **ISSUANCE AND EXECUTION OF WARRANTS AND RE-COMMITMENT:** The Board will issue a warrant for the arrest and detention of any parolee or releasee whenever evidence is produced to indicate that probable cause exists to believe conditions of release have been seriously breached or that detention is required to prevent injury to the public or to interrupt a serious continuing violation of release conditions, or to assure the presence of the releasee at a preliminary hearing and/or revocation hearing. Pursuant to 11 Del. C. §4352, if the individual is arrested by the Parole Officer on an emergency (handwritten) warrant, the Department shall immediately notify the Board and submit a report outlining the conditions alleged to have been violated.

19. **REVOCATION HEARINGS:** The Board's standards pertaining to hearings for revocation of parole or mandatory release are adopted from those prescribed by the 1972 Supreme Court decision on Morrisey v. Brewer. Essentially, the Court prescribed two hearings--the preliminary and revocation (or final) hearings--in cases where the offender has been alleged to have committed a "technical" violation of the conditions of release. In cases where the offender has been already convicted, a preliminary hearing is not held.

   (a) **Preliminary Hearing:** In accordance with procedures adopted by the Department, a preliminary hearing should be held within approximately ten (10) working days after the Hearing Officer receives the violation report to determine whether probable cause exists to conclude that the offender has violated the conditions of release on "technical" grounds. The offender, however, has the right to waive this hearing.

Ex. C

August 28, 2000

Marlene Lichtenstadter
Chairperson of the Parole Board
State Carvel Building
820 N. French Street
Wilmington, DE

Re: <u>Letter of Appeal</u>

Dear Ms. Lichtenstadter:

Please accept this letter as an appeal of the Board's decision to revoke my Parole on August 22, 2000. As you know, the Board revoked my Parole per Richard Nagley's belief that I violated a curfew rule.

Recently, My wife (Yvette Land) spoke with Parole Officer Jeff Kay concerning the phone call that Mr. Nagley believed was a

Curfew Call. Mr. Kay explained to my wife that he does Not remember such a call, and if it was a Curfew Call it would have been listed in the File as a Curfew Call, but since it was Not listed as a Curfew Call, then it was probably Not important. Mr. Kay stated that he will verify matters if you would call him.

Please contact Mr. Kay so this matter can be Cleared-up, and so that I do Not have to transfer to the Plummer - Work Release Halfway House. Please let me know your decision either way.

Thank you,
Willie C. Land

```
                       SUPERIOR COURT CRIMINAL DOCKET                    Page      1
                            ( as of   04/10/2003 )

State of Delaware v.   WILLIE C LAND                            DOB: 02/05/1956
State's Atty: , Esq.                          AKA:
Defense Atty: , Esq.



Assigned Judge:

Charges:
Count       DUC#           Crim.Action#     Description        Dispo.     Dispo. Date
-----------------------------------------------------------------------------------
 001     70020379DI        IN76-08-0345
 002     70020379DI        IN76-08-0346

         Event
No.      Date            Event                                 Judge
-----------------------------------------------------------------------------------
1        10/26/2000
           PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE).
           REFERRED TO JUDGE: ALFORD
           DATE REFERRED: 10/30/00
           CIVIL CASE NO: 00M-10-063 HLA
           ALSO 70020380DI
2        11/02/2000                                            ALFORD HAILE L.
           ORDER: PETITION FOR WRIT OF HABEAS CORPUS MOOT
           RE: DEFENDANT TRANSFERRED TO LEVEL 4 - PLUMMER CENTER
           ON 10/25/2000
           HAILE L. ALFORD
           00M-10-063 HLA
           70020379DI
           70020380DI
3        01/23/2001
           MOTION FOR MODIFICATION OF SENTENCE FILED.
           PRO SE - JUDGE DEL PESCO (OFFICE JUDGE - FOR JUDGE BUSH, KENT COUNTY)
           REFERRED TO PRESENTENCE 1/29/2001
           70020379DI
           70020380DI
4        01/31/2001                                            DEL PESCO SUSAN C.
           ORDER: MOTION FOR REDUCTION/MODIFICATION OF SENTENCE IS DENIED.
              THE MOTION WAS FILED MORE THAN 90 DAYS AFTER IMPOSITION OF THE
           SENTENCE AND IS THEREFORE TIME-BARRED.
5        06/27/2001
           PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
           REFERRED TO JUDGE HERLIHY (OFFICE JUDGE - FOR JUDGE BUSH, KENT CO.)
           DATE REFERRED: 6/28/2001
           CIVIL CASE NO: 01M-06-053 JOH
           70020380DI
           70020379DI
6        07/03/2001                                            HERLIHY JEROME O.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET                      Page    2
                         ( as of  04/10/2003 )

State of Delaware v.  WILLIE C LAND                           DOB: 02/05/1956
State's Atty: , Esq.                         AKA:
Defense Atty: , Esq.


         Event
No.      Date            Event                                        Judge
-----------------------------------------------------------------------------
         ORDER: PETITION FOR WRIT OF HABEAS CORPUS DENIED
         RE: PETITIONER IS LEGALLY DETAINED AND FAILS TO STATE A CLAIM
         UPON WHICH SUCH A WRIT MAY BE ISSUED. PETITIONER WAS
         SUBJECT TO THE JURISDICTION OF THE PAROLE BOARD.
         IT IS SO ORDERED
         JEROME O. HERLIHY
         70020380DI
         70020379DI
         01M-06-053 JOH
7        02/13/2003
         PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
         REFERRED TO JUDGE COOCH
         DATE REFERRED: 2/21/03
         CIVIL CASE NO: 03M-02-075
8        03/17/2003                                         COOCH RICHARD R.
         ORDER: HABEAS CORPUS PETITION 03M-03-075 IS DENIED.
         THIS 17TH DAY OF MARCH, 2003, UPON REVIEW OF THE FORGOING PETITION
         FOR A WRIT OF HABEAS CORPUS AND THE RECORD IN THIS CASE, IT IS THE
         DECISION OF THE COURT THAT THE PETITION IS HEREBY DENIED. PETITIONER
         IS LEGALLY DETAINED. PETITIONER FAILS TO STATE A CLAIM UPON WHICH
         SUCH A WRIT MAY BE ISSUED. THE RELIEF REQUESTED IS NOT PROPERLY
         GRANTED THROUGH A WRIT OF HABEAS CORPUS.
         IT IS SO ORDERED. RRC

                  *** END OF DOCKET LISTING AS OF  04/10/2003 ***
                         PRINTED BY: CSCDMOR
```



From: Willie C. Leand
BI# 276.22 UNIT W
DELAWARE CORRECTIONAL CENTER
181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Peter T. Dalleo
Office of the Clerk
United State District Court
844 North King Street, Lockbox 18
Wilmington, Delaware
19801-3570