IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIE C. LAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 04-1440-SLR |
| | ) |
| THOMAS CARROLL, | ) |
| Warden, | ) |
| and M. JANE BRADY, | ) |
| Attorney General for | ) |
| the State of Delaware, | ) |
| | ) |
| Respondents. | ) |

Willie C. Land.  Pro se petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

Dated: November 30, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Currently before the court is petitioner Willie Land's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) Petitioner is incarcerated in the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 1977, petitioner was convicted of third degree burglary, attempted rape, and second degree burglary. The Delaware Superior Court sentenced him to a total of thirty-nine years in prison. Land v. Carroll, 832 A.2d 1251 (Table), 2003 WL 22097033 (Del. Super. Ct. Sept. 8, 2003). Petitioner was released on parole in July 1989.

In May 2000, parole officers obtained a warrant charging petitioner with violating his parole conditions. The Board of Parole held a hearing on August 22, 2000, and revoked petitioner's parole. The Board, however, re-paroled petitioner to a Level IV halfway house or home confinement. (D.I. 14)

On October 25, 2000, petitioner was transferred to the Plummer Center. On December 1, 2000, an administrative warrant was issued for his arrest for violating the conditions of his

1

parole. The Parole Board conducted a hearing on February 27, 2001, and, after determining that petitioner had violated his parole, the Board revoked his parole. He was ordered to serve the balance remaining on his original sentences. Petitioner also lost previously earned good-time credits, and was notified that he could re-apply for parole consideration in 48 months. Land, 2003 WL 22097033, at *1.

On December 17, 2003, petitioner filed in the Delaware Superior Court a petition for a writ of mandamus challenging the August 22, 2000 parole violation hearing. The Superior Court denied the petition, and the Delaware Supreme Court affirmed. Land v. Board of Parole, 860 A.2d 811 (Table), 2004 WL 2421197 (Del. Oct. 13, 2004).

Petitioner's pending federal habeas application asserts two claims regarding his August 2000 parole revocation hearing: (1) he was denied due process because the hearing was not postponed to enable him to subpoena Parole Officer Jeff Kay; and (2) there was insufficient evidence to support the revocation finding. (D.I. 2; D.I. 6)

The State asks the court to dismiss petitioner's § 2254 application as untimely. (D.I. 14)

Petitioner filed a reply to the State's answer, asking the court to refrain from dismissing his application as time-barred because he did not learn until November 2003 that he could

challenge the Parole Board's decision to revoke his parole. (D.I. 19)

### III. DISCUSSION

#### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated November 4, 2004, is subject to the one-year limitations period contained in §

3


2244(d)(1). See Lindh, 521 U.S. at 336. He does not allege, nor can the court discern, any facts triggering the application of §§ 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the state court criminal judgment becomes final, and the statute of limitations begins to run, on the date on which the time for seeking direct review in state court expires. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). The Parole Board's August 22, 2000 decision to revoke petitioner's parole constituted a final judgment under § 2244. Tarbutton v. Snyder, Civ. Act. No. 99-608-RRM, Order, at 5 (D. Del. July 5, 2000)(citing Smith v. Angelone, 73 F. Supp. 2d 612 (E.D. Va. 1999)). Because petitioner did not appeal the revocation decision, the judgment became final on September 21, 2000. See Kapral, 166 F.3d at 575, 578 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, petitioner had to file his § 2254 application by September 22, 2001. See Wilson v. Beard, - F.3d -, 2005 WL 2559716 (3d Cir. Oct. 13, 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed his habeas application on November 4,

2004,[1] more than three years after the expiration of AEDPA's limitation period. Therefore, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).

**B. Statutory Tolling**

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). However, even if a state post-conviction motion is

---

[1] A pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F.Supp.2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). Petitioner's application is dated November 4, 2004 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

5

properly filed under state procedural rules, it will not toll AEDPA's limitations period if the state post-conviction motion is filed and pending after the limitations period has expired. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004)("the state habeas petition had no effect on tolling [because AEDPA's] limitations period had already run when it was filed"); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Here, when petitioner filed his application in state court for a writ of mandamus on December 17, 2003, AEDPA's limitations period had already expired in September 2001. Thus, petitioner's application for a writ of mandamus has no tolling effect.

### C. Equitable Tolling

It is well-settled that a federal court may, in its discretion, equitably toll AEDPA's limitations period. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). Courts are to "sparingly" apply equitable tolling, and "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in

6

investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Petitioner has not alleged, and the record does not reveal, that extraordinary circumstances prevented him from timely filing the instant application. Petitioner contends that he did not find out until 2003 that he could challenge the 2000 Board decision, presumably in an attempt to equitably toll the limitations period. This fact, however, does not warrant equitable tolling, because it demonstrates a failure to exercise due diligence in pursuing his claims. See LaCava v. Tyler, 398 F.3d 271, 277 (3d Cir. 2005)(noting that due diligence obligation exists during exhaustion of state remedies). To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL

7

1000094, at *3 (D. Del. May 14, 2002). Therefore, the court concludes that the application of the equitable tolling doctrine is not warranted in this case.

Accordingly, the court will dismiss petitioner's habeas application as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## V.  CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.